# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| MARK A. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12CV20 JCH |
| | ) | |
| GEORGE ALMBARTIC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's request to reopen this action and the filing of plaintiff's prisoner account statement. The Court dismissed this prisoner civil rights action on June 25, 2012, pursuant to Fed.R.Civ.P. 41, after plaintiff was unable to provide the Court with his prison account statement in a timely manner.

As plaintiff has complied with the Court's prior Orders, the Court will vacate the Order of Dismissal in this case and reopen the present action. However, because plaintiff's allegations are spread throughout several letters and pleadings he has filed with the Court on several different occasions, and many contain illegible handwriting or are completely undecipherable, it is difficult for the Court to review his assertions pursuant to 28 U.S.C. § 1915. Thus, in order for plaintiff to proceed in the present action, he will be required to file a legible amended complaint, on a

court-form, containing all of the allegations he wishes to bring against all of the defendants he wishes to sue. Simply put, <u>all</u> claims in this action must be included in one, <u>legible</u>, centralized complaint form. Plaintiff must follow the Court's instructions relating to the filing of his amended complaint, as set forth below, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must also clearly state the defendants which he is pursuing allegations against, and he must articulate, <u>for each of those defendants</u>, the factual circumstances surrounding their alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case.[1] Plaintiff should also articulate in what capacity he is

---

[1] Plaintiff should be aware that jails and police departments are not normally suable entities. <u>See</u> <u>Ketchum v. City of West Memphis, Ark.</u>, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical

bringing claims against defendants, whether it is in their official or individual capacities or both. See Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978).

Plaintiff shall have thirty (30) days from the date of this Order to file his amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original complaint and all other letters and pleadings contains claims he has submitted prior to this date. Thus, all claims that are not re-alleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

---

entities suable as such."). Similarly, plaintiff should understand that liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Accordingly,

**IT IS HEREBY ORDERED** that the Court's June 25, 2012 Order of Dismissal [Doc. #20] is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff, along with a copy of this Order, a blank complaint form for the filing of a prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days from the date of this Memorandum and Order**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, it will be subject to review under 28 U.S.C. § 1915.

Dated this 13th day of August, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE