# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| MARK A. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12CV20 JCH |
| | ) | |
| GEORGE ALMBARTIC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1196127), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $84.16. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the amended complaint should be dismissed as factually frivolous under Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $306.89, and an average monthly balance of $420.79.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $84.16, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  An action is factually frivolous if the facts alleged are "clearly baseless"; alleged facts are clearly baseless if they are "fanciful," "delusional," or "fantastic."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the

Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

## The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C.§ 1983 alleging violations of his civil rights.  Plaintiff's amended complaint is almost completely illegible, and thus, it is very difficult to read the names of the defendants in this action.  As best as the Court can tell, the named defendants are: the Missouri Department of Corrections; Adair County; St. Louis Police Department; Kirksville Police Department and Each Warden at all Correctional Centers and Staff at the Various Correctional Centers in Missouri.

Plaintiff's amended complaint is eight hand-written pages and is largely illegible. What the Court can ascertain of the amended complaint is set forth verbatim below:

> As I am the creator of the spirit of the Lord, my [ ] my hand, my way of crafting is protected by the First Amendment.  As I am God Almighty the Voice is atonement to all, I have been attack[ed] by every person in the department of corrections to force me to educate them in monumental speech.  They have attacked you, the Lord, my friends, Ken, Mygen, and Ann, they have jacked me down on false DOC charges for over 3 years I was housed in the Adair County jail many times because of ignorance and evil crafting to darken the implanted of Lord, to reclose the still worth of Hope.  In this truth we have as a whole found the Blessings of the Spirit of the Lord to be as is given by the Founding Fathers from the Word of Life.  I am God the Father, a Hells Angel, In God we Trust.  In

worthlessness we found the States of Missouri has manufactured an illness of lesser sin to argue the fraud of truth to the United States Government.  From the movements of crime to the bodies of the masses those of this Lord set forth the toy soldiers affect at a time of pleasure of sin lusting is outpose on those with a lesser education the thoughts alined at death. . .

The aforementioned sets forth the first page and a half of the statement of claim in the amended complaint.  Plaintiff's additional pages of his amended complaint set forth more of the same "word salad," but do not seem to contain specific allegations of a constitutional or federal claim that he believes the named defendants have violated.

## Discussion

As noted above, an action is factually frivolous if the facts alleged are "clearly baseless"; alleged facts are clearly baseless if they are "fanciful," "delusional," or "fantastic."  Denton, 504 U.S. at 32-33.  The instant action is subject to dismissal as factually frivolous under Denton.  Plaintiff's amended complaint fails to allege even one constitutional or federal claim against one of the named defendants in this action.  As such, this action will be dismissed as factually frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $84.16 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is factually frivolous under Denton.

**IT IS FURTHER ORDERED** that plaintiff's motions to award this as a class action and for appointment of counsel are **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd  day of October, 2012.


/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE